BREAUX, C. J.
The defendant in the recorder’s court attacked City Ordinance 356 N. C. S. as unconstitutional, illegal, and invalid and not drawn in accordance with the legislative power vested in the city council by Act No. 216, p. 434, of 1902.
Defendant was charged by one of the police officers of the city in an affidavit with having violated the said ordinance, in that he made a loud and boisterous outcry while peddling fruit.
A provision of the ordinance which he was charged with having violated ordains that peddlers and hawkers shall not cry out for sale fruits, game, fish, and other products usually sold in the market, in the streets and thoroughfares of the city.
The defendant appeared and filed a demurrer in which he averred that he had not been denounced for any offense; that the city council is without authority to prohibit the peddling and hawking of wares; that the penalty imposed as fixed in Ordinance 356 is in conflict with the state statute authorizing the recorder of New Orleans to punish violators of municipal ordinances; that the *372 ordinance is unreasonable and oppressive, partial, and unfair, unlawful, and in restraint of trade.
The defendant was tried for the offense charged, pronounced' guilty, and fined $10, or in default of payment sentenced to imprisonment for 30 days.
There was an offense denounced.
In the exercise of police power, the city council has some discretion.
The ordinance was not wanton nor arbitrary. A person engaged in peddling and hawking fruits has no right to bawl away in a manner that is annoying to others. The mere fact of selling was not the cause of the prosecution, but the manner of the peddler or hawker in offering to sell, which was, as we are led to infer by the charge and by the surrounding circumstances, loud and boisterous, and within the terms of the ordinance which sought to regulate the occupation and keep it in such bounds as that it would not be felt to be a nuisance.
We are not concerned with the right or authority of the city council to prohibit the peddling and hawking of wares, but we do think that that body has the right and authority to put a stop to loud and boisterous outcries of overzealous and anxious sellers of goods and wares on the public streets.
We have seen that the defendant also takes the position that the penalty imposed by Ordinance 356 is in conflict with the state statute authorizing recorders of New Orleans to punish violators of municipal ordinances.
We have not discovered the conflict alleged. It has not been called to our attention. The recorder’s functions are to enforce municipal ordinances and to impose the penalties which these ordinances provide. They are municipal police regulations—part of the local administration and government of the city— and not in conflict with the state statute.
We have not found wherein the ordinance is unreasonable and oppressive, partial, or unfair, or in unlawful restraint of trade. It was adopted in the reasonable desire to-maintain public order and proper conduct.
A rule which applies to all persons engaged in the business of peddling and hawking.
Such, rules and regulations are not unreasonable. They have a tendency to protect and foster trade, instead of being a restraint upon trade. Defendant is not represented by counsel. We have not been favored with a brief or oral argument.
He must conform with the good and proper-conduct becoming to everyone. He has not the least cause to complain.
For reasons assigned, the judgment appealed from is affirmed.